[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16112
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2012
JOHN LEY
CLERK

D. C. Docket Nos. 08-81395-CV-KLR ; 06-80143 CR-KLR


CHARLES T. MCDANIEL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 2, 2012)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Charles McDaniel, a federal prisoner serving a total 57-month sentence after

pleading guilty to multiple firearm-related charges, appeals the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. For the reasons set forth below, we affirm.

## I.

In 2006, McDaniel pleaded guilty to seven counts of making false statements in connection with gun purchases and seven counts of possessing a firearm while being a convicted felon. He was assigned an enhanced base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A), because he had unlawfully possessed firearms subsequent to sustaining a felony conviction for a crime of violence, namely, driving under the influence ("DUI"). McDaniel initially objected to his DUI offense being classified as a crime of violence. However, he voluntarily withdrew this objection as part of an agreement with the government. The district court sentenced him to 57 months in prison and three years of supervised release on each count, all terms to be served concurrently. McDaniel filed a notice of appeal, but then successfully moved to dismiss the appeal with prejudice.

In 2008, McDaniel timely filed a § 2255 motion alleging that a DUI conviction could no longer be considered a crime of violence in light of the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), and, thus, the increase in his base offense level was

illegal. He sought retroactive application of *Begay*, a 6-level reduction in his base

offense level, and a corresponding 27-month reduction in his sentence. The

government responded that McDaniel's claim was not cognizable under § 2255

because the alleged error was not constitutional and did not result in a fundamental

miscarriage of justice. The government also argued that the claim was

procedurally defaulted because McDaniel failed to raise it on direct appeal.

The magistrate judge, relying on an unpublished decision by a panel of this

Court, found that McDaniel's claim was not cognizable under § 2255 because it

was non-constitutional and could have been, but was not, raised on direct appeal.

The district court ultimately adopted the magistrate's report and denied the § 2255

motion. We granted a certificate of appealability ("COA") on the issue of whether

the district court erred in finding that McDaniel's claim was not cognizable under

§ 2255.[1]

II.

In a § 2255 proceeding, we review questions of law *de novo* and the district

---

[1] We note that, while McDaniel's appeal was pending in this Court, he was released from prison. This does not render the instant appeal moot because McDaniel is still serving his term of supervised release, which involves restrictions on his liberty. *See Dawson v. Scott*, 50 F.3d 884, 885-86 & n.2 (11th Cir. 1995) (declining to dismiss as moot the appeal of a 28 U.S.C. § 2241 habeas petitioner who challenged his term of imprisonment, as the petitioner was still serving his term of supervised release); *United States v. Page*, 69 F.3d 482, 487 & n.4, 495 (11th Cir. 1995) (declining on direct appeal to dismiss the defendants' challenges to their sentences, as the defendants were still on supervised release).

court's findings of fact for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Although we granted the COA on the threshold issue of whether McDaniel's claim was cognizable under § 2255, we decline to reach this issue and instead hold that his claim was barred under the doctrine of procedural default. *See McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011) (declining to address the issue of cognizability, framed as the threshold issue in the COA, and instead denying the movant's § 2255 claim on grounds of procedural default); *see also Lynn*, 365 F.3d at 1233 ("In many cases in the past, this Court has opted to address the issues of procedural default . . . without expressly addressing the threshold inquiry of whether the claimed error is even cognizable in a § 2255 proceeding.").

Under the rule of procedural default, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn*, 365 F.3d at 1234. A defendant may avoid a procedural bar by establishing one of the two exceptions to the procedural default rule. *Id.* Under the first exception, "a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *Id.* If a defendant fails to establish cause and prejudice, he may still be entitled to relief if he can show that he is "actually

4

innocent." *Id.* at 1234-35.

In this case, McDaniel has procedurally defaulted on his claim because he failed to raise it on direct appeal. *See id.* at 1234. In fact, he affirmatively withdrew his objection to his DUI offense being considered a crime of violence. Thus, McDaniel is not eligible for § 2255 relief unless he shows (1) cause and prejudice, or (2) actual innocence. *See id.*

McDaniel does not allege cause and prejudice on appeal to this Court, and, therefore, we will not consider the issue. *See McKay*, 657 F.3d at 1196 (declining to consider the issue of cause and prejudice where the defendant did not raise it on appeal). As to actual innocence, our recent decision in *McKay* resolves the question against McDaniel. In *McKay*, the defendant claimed in a § 2255 motion that he was erroneously sentenced as a career offender because, in light of *Begay*, his prior conviction did not qualify as a crime of violence under the Guidelines. *Id.* at 1194-95. We held that the actual-innocence exception did not excuse the defendant's procedural default. *Id.* at 1198-1200. We reasoned that his claim concerned only legal innocence, not factual innocence, because he did not allege that he did not commit the offense underlying his prior conviction. *Id.* at 1199. Likewise, because McDaniel does not assert that he was factually innocent of the DUI offense, his claim rests only on legal innocence and does not fall within the

actual-innocence exception. *See id.* Accordingly, McDaniel failed to present a valid excuse for procedurally defaulting on his § 2255 claim, and we affirm the district court's denial of his § 2255 motion.

**AFFIRMED.**